UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**NOT FOR PUBLICATION**

-----------------------------------------------------------X

SERGIO ULYSSE,

                     Petitioner,

         - against -

ROBERT A. FITCH, Superintendent,
Greene Correctional Facility,

                     Respondent.

-----------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

CV-06-5175 (BMC)(LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 25 2007 ★
BROOKLYN OFFICE

**COGAN**, District Judge.

In this habeas corpus petition under 28 U.S.C. § 2254 (2006), petitioner *pro se* challenges his conviction on the ground that the evidence at trial was insufficient.[1] I assume familiarity with the facts.

Petitioner's claim, which I am gleaning primarily from the way he articulated it through counsel to the Appellate Division, since his *pro se* petition here is skeletal, is based entirely on the fact that at trial, the victim of the crime erroneously picked out a spectator in the courtroom as the perpetrator instead of petitioner. However, the trial record is quite clear that the victim's view of petitioner was obscured from the witness stand, and thus he initially picked out a person he could see who he thought looked most like petitioner. When the prosecutor asked the victim

---

[1] Petitioner also claims that the verdict was against the weight of the evidence, but this is not a federal constitutional claim. See Ex parte Craig, 282 F. 138, 148 (2d Cir. 1922) ("a writ of habeas corpus cannot be used to review the weight of evidence . . . ."), aff'd, 263 U.S. 255, 44 S.Ct. 103 (1923); Garrett v. Perlman, 438 F.Supp.2d 467, 470 (S.D.N.Y. 2006); Correa v. Duncan, 172 F.Supp.2d 378, 381 (E.D.N.Y. 2001) (A "'weight of the evidence' argument is a pure state law claim grounded in New York Criminal Procedure Law § 470.15(5), whereas a legal sufficiency claim is based on federal due process principles. Accordingly, the Court is precluded from considering the [weight of the evidence] claim.") (citations omitted).

to stand and survey the entire courtroom, the victim corrected his misidentification, identified petitioner, and stuck firmly to that identification.

Petitioner argues that since the victim was covering his head at the time that he was being beaten by the gang of which petitioner was allegedly a part, he could not have had a good view of his assailant. However, the victim described his assailant to the police shortly after the assault as dressed distinctively, wearing a red coat and a black and white bandana on his head. He testified that he had observed petitioner in close proximity for about a minute and a half prior to the attack. The police drove the victim through the neighborhood after the attack and the victim spotted petitioner, wearing the red coat and black and white bandana. The arresting officers confirmed at trial that petitioner was the individual who the victim had identified.

When the victim misidentified a spectator during his direct testimony, defense counsel moved for a mistrial. The trial judge denied it on the ground that it presented an issue of fact for the jury. The victim was vigorously cross-examined concerning the misidentification but stuck to his re-identification of petitioner, and explained how his view of petitioner had been obscured.

The Appellate Division similarly concluded that the evidence presented a question of fact for the jury, and affirmed petitioner's conviction. It held that "the complainant had ample opportunity to see the assailant both before and during the incident and pointed out the defendant to the police about an hour after the incident," and that "despite initially pointing to a courtroom spectator, during his direct testimony and on cross-examination, the complainant subsequently identified the defendant as his assailant three times." People v. Ulysse, 25 A.D.3d 814, 814, 807 N.Y.S.2d 649, 650 (2d Dep't 2006) (citations omitted).

A habeas petitioner "bears a very heavy burden" when challenging the legal sufficiency of the evidence used to obtain a state criminal conviction. Einaugler v. Sup. Ct. of the State of

2

New York, 109 F.3d 836, 840 (2d Cir. 1997). A state criminal conviction will be upheld if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); see Policano v. Herbert, 430 F.3d 82, 86 (2d Cir. 2005); Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002). Thus, even if a federal court is "faced with a record of historical facts that supports conflicting inferences [it] must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson, 443 U.S. at 326, 99 S.Ct. at 2793.

Courts are permitted to issue habeas corpus relief only if the state court's decision was contrary to, or an unreasonable application of, Supreme Court authority. 28 U.S.C. § 2254(d). I see no error here under any standard of review. The evidence was more than sufficient to raise a factual issue for the jury's determination and there was nothing irrational about the jury's acceptance of the evidence presented against petitioner.

## CONCLUSION

The petition is denied. The Clerk is directed to enter judgment in favor of Respondent. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue. 28 U.S.C. § 2253(b)(2).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
October 23, 2007